**AKERMAN LLP**
KANIKA D. CORLEY (SBN 223607)
*kanika.corley@akerman.com*
601 W. Fifth Street, Suite 300
Los Angeles, California 90071
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

MICHAEL C. MARSH (pro hac vice to be filed)
*michael.marsh@akerman.com*
DONNIE M. KING (pro hac vice to be filed)
*donnie.king@akerman.com*
SOWMYA BHARATHI (pro hac vice to be filed)
*sowmya.bharathi@akerman.com*
201 E. Las Olas Boulevard, Suite 1800
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700
Facsimile: (954) 463-2224

TISHA M. JAMES (pro hac vice to be filed)
*tisha.james@akerman.com*
1300 Post Oak Boulevard, Suite 2300
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUROPEAN TRAVEL AGENCY CORP., a California Corporation; GILBERT GEVORGIAN dba LAKE BALBOA PROFESSIONAL LAUNDRY; CLASSIC MODERN TAILORING, LLC, a California Limited Liability Corporation; DIANA G. LESGART, CPA, AN ACCOUNTANCY CORPORATION, a California Corporation; NORAVIAN FAMILY TRUST; ROLAND L. ELAZEGUI DMD, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, an Illinois Corporation; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO. <br><br> [Superior Court of California, County of Los Angeles Case No. 21STCV27862] <br><br> **DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> Complaint Filed: July 28, 2021 |

1

**TO THE HONORABLE COURT, TO ALL PARTIES HEREIN, AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that defendant Allstate Insurance Company ("Allstate") removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California.

## I.
## STATEMENT OF THE CASE

1. On July 28, 2021, plaintiffs in a civil action filed their Complaint in the Los Angeles County Superior Court styled *European Travel Agency Corp., et al., v. Allstate Insurance Company, et al.*, Case No.: 21STCV27862.

2. On January 13, 2022, plaintiffs filed their First Amended Complaint.

3. Plaintiffs' action concerns alleged claims for the purported wrongful denial of insurance benefits.

## II.
## DIVERSITY JURISDICTION

4. Plaintiff European Travel Agency is a California corporation with its principal place of business in the City of Burbank, and County of Los Angeles. This identified plaintiff is a citizen of California.

5. Plaintiff Gilbert Gevorgian dba Lake Balboa Professional Laundry has its principal place of business in the City of Van Nuys, and County of Los Angeles. This identified plaintiff is a citizen of California.

6. Plaintiff Classic Modern Tailoring, LLC, is a California Limited Liability Corporation, with its principal place of business in the City of Beverly Hills, and County of Los Angeles. The members of the LLC are residents of Beverly Hills, California. This identified plaintiff is a citizen of California.

7. Plaintiff Diana G. Lesgart, CPA, an Accountancy Corporation, is a California Corporation with its principal place of business in the City of Canoga Park,

and County of Los Angeles. This identified plaintiff is a citizen of California.

8. Plaintiff Noravian Family Trust has its principal place of business in the City of Glendale, and County of Los Angeles. This identified plaintiff is a citizen of California.

9. Plaintiff Roland L. Elazegui DMD, Inc., is a California corporation with its principal place of business in the City of Milpitas, and County of Santa Clara. This identified plaintiff is a citizen of California.

10. Allstate is an Illinois corporation with its principal place of business in the state of Illinois. Allstate's citizenship both when the state court action was filed and at the time of removal has not changed. Allstate is not a citizen of the state in which the action is pending. Allstate is a citizen of Illinois.

11. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…."

12. Furthermore, citizenship of an LLC is the citizenship of its members. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. The Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), which provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

14. Plaintiffs seek over $75,000 in damages. In their Complaint, Plaintiffs state "they have suffered and continue to suffer substantial lost business income and financial losses totaling millions of dollars." Compl. ¶ 54. "These extraordinary losses of business income and lost wages are precisely why Plaintiff's secured the business interruptions policies with Defendants." Compl. ¶ 55.

15. Furthermore, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under [§ 1332(a)(1)], the citizenship of defendants sued under

fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

16. Thus, Allstate is entitled to remove plaintiff's action to this Court pursuant to § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## III.
## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant…of a copy of the initial pleading…or within thirty days after the service of summons upon the defendant." This thirty-day period begins to run from when the removing defendant is served and not from when the first defendant is served. *See Destifino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Plaintiff purportedly effectuated service on Allstate on January 21, 2022. Allstate timely files this notice of removal within 30 days of plaintiff's purported service.

18. A true and accurate copies of all process and pleadings received by Allstate are attached hereto as Exhibit A. Allstate also obtained copies of all papers available from the docket in the state court action and true and correct copies of those papers are attached hereto as Exhibit B.

19. Removal of this action to this Court is proper as the Los Angeles County Superior Court where this action commenced is located within this Court's jurisdiction.

20. Pursuant to 28 U.S.C. § 1446(d), Allstate shall promptly file a notice of its removal of this action with the clerk of the Los Angeles County Superior Court, and Allstate shall promptly serve plaintiff and any party who has appeared with this notice of removal as well as the notice to be filed in the Superior Court.

## IV.
## CONCLUSION

21. By this notice of removal and the associated attachments, defendant Allstate does not waive any objections it may have as to service, jurisdiction or venue, or any other defenses or objections it may have to this action. *Monfor v. Adomani, Inc.,* No. 18-CV-05211-LHK, 2019 WL 131842 at *3 (N.D. Cal. Jan. 8, 2019). Allstate does not intend any admission of fact, law, or liability by this notice, and expressly reserves all defenses, motions, and/or pleas. Allstate prays that plaintiffs' action be removed to the United States District Court for the Central District of California, that all further proceedings in the Los Angeles Superior Court be stayed, and that Allstate receives all relief to which it is entitled.

DATED: February 18, 2022        **AKERMAN LLP**

By: */s/ Kanika D. Corley*
    Kanika D. Corley
    Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 601 W. Fifth Street, Suite 300, Los Angeles, CA 90071

On February 18, 2022, I served a true copy of the following document(s) described as:

**DEFENDANT ALLSTATE INSURANCE COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

on the interested parties in this action as follows:

| | |
|---|---|
| Harout Greg Keosian, Esq.<br>Eileen Keusseyan, Esq.<br>Anthony S. Hamassian, Esq.<br>KEOSIAN LAW LLP<br>16530 Ventura Boulevard, Suite 555<br>Encino, California 91436<br>Telephone: 1-818-986-9331<br>Facsimile: 1-818-986-9341<br>Email : hgk@keosianlaw.com<br>Email : ek@keosianlaw.com<br>Email : ash@keosianlaw.com | Attorneys for Plaintiffs |

☒ **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices. (C.C.P. § 1013 (a) and 1013a(3))

☐ **BY FACSIMILE:** I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (213) 627-6342. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☒ **BY ELECTRONIC SERVICE**: Complying with Code of Civil Procedure § 1010.6, I caused such document(s) to be electronically served on the party identified and no error was received when transmitted. My electronic business address is annie.tualla@akerman.com.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder. (C.C.P. § 1013(d)(e))

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

☐ **(CM/ECF Electronic Filing):** I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☒ (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 18, 2022, at Los Angeles, California.

_____
Annie C. Tualla

**PROOF OF SERVICE**

2